No. 17,562.

H. F. WIGTON, ET AL. *v*. MEL C. BEDINGER.
(283 P. [2d] 645)

Decided May 9, 1955. Rehearing denied May 31, 1955.

Messrs. SEAVY & SEAVY, for plaintiffs in error.

Mr. M. E. H. SMITH, for defendant in error.

*En Banc.*

MR. JUSTICE LINDSLEY delivered the opinion of the Court.

WE will herein refer to the parties as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff.

The record shows that the following described property, situate in the County of Weld and State of Colo-

rado, to wit: mineral rights only, NW¼ NE¼ of Section 30, Township 12 North, Range 61 West of the 6th P.M., was sold in December, 1932, for general taxes for the year 1931 to Weld county; that the tax sale certificate was assigned to Mel C. Bedinger. Application was made for tax deed by plaintiff; notice of the application was issued by the treasurer on October 19, 1953, in which it was recited that the tax deed would be issued on December 30, 1953, "unless the same has been redeemed prior to the issuance of said Tax Deed." The tax deed was issued by the treasurer on December 30, 1953, and duly recorded on that date in book 1378 at page 475, Weld county records.

Complaint in quiet title action was filed by plaintiff in the district court of Weld county on March 23, 1954. Upon petition, H. F. Wigton, John Ramsey Wigton, Chester M. Wigton, and Bessie Rebecca Housman, were made parties defendant in said action, and in their answer these defendants alleged that the notice issued by the treasurer of Weld county on October 19, 1953, was insufficient to comply with the requirements of the statute and that the deed issued thereunder is void, illegal, and of no force or effect. Judgment of the trial court was for plaintiff.

Defendants claim there was no compliance with the mandate of C.R.S. '53, 137-10-28 in reference to the notice given, in that the notice did not provide for a time limit of not more than five months or at least three months before the time of issuance of the treasurer's deed.

Plaintiffs contend the notice was sufficient when C.R.S. '53, 137-10-28 and the amendment of 1951, C.R.S. '53, 137-10-29 are construed together, and further that defendants never sought redemption of the property from said tax sale.

By the reply brief, a decree is sought in defendant's favor declaring the tax deed void, conditioned upon their compliance with C.R.S. '53, 137-11-1.

 The matter presented to this Court upon writ of error for determination is the question of whether a notice of not more than five months and at least three months must be given before the time of the issuance of a treasurer's deed when 137-10-28 and 137-10-29, C.R.S. '53, are construed together. However, notwithstanding the matters presented to this Court upon writ of error, the tax deed and the notice are in the record, and they disclose that the property was sold for general taxes of 1931, December 12, 1932, and the property was assessed for that year at a sum less than $100.00.

Prior to an amendment, chapter 227, S.L. 1937, page 1053, there was no statutory requirement for notice except in cases where the property was assessed for more than $100.00.

Instant deeds, or deeds without notice, were issued at any time after the expiration of three years from the date of sale of land for taxes, in accordance with the provisions of C.R.S. '53, 137-10-20.

Prior to the 1953 revision of the Colorado statutes, section 255, chapter 227, S.L. '37, page 1053, contained the word "hereafter." The section reads as follows:

"Before any purchaser or assignee of such purchaser of any land, town or city lot, or mining claim, *hereafter* [italics ours] sold for taxes, or special assessments due either to the state or to any county or incorporated town or city within the same, * * * he shall make request upon the county treasurer, who shall then comply with the following, to-wit:

"The county treasurer shall serve or cause to be served, by personal service or by registered mail, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such lands, lots or premises and also on the person in whose name the same was taxed or specially assessed, if upon diligent inquiry such person can be found in the county, or his residence without the county be known, and upon all persons having an inter-

est or title of record in or to the said premises, if upon diligent inquiry the residence of such persons can be learned, not more than five months and at least three months before the time of issuance of such deed, in which notice he shall state when the applicant or his assignor purchased the land or lot or other premises, in whose name it was taxed, the description of the land or lot or premises purchased, for what year taxed or specially assessed, and when the time of redemption will expire, or when the tax deed shall be issued."

In C.R.S. '53, 137-10-28, the word "hereafter" is omitted, but in any event the revision was not in effect on the date application was made by plaintiff for a deed, and the land was sold for 1931 taxes and tax certificate issued in 1932, prior to the 1937 amendment, now part of 137-10-28 supra.

It is obvious that our decision must be that the property was sold for taxes prior to the 1937 amendment of 137-10-28 supra; that the record shows the assessed valuation was less than $100.00, and that no notice was required to be given prior to the issuance of the tax deed.

For the above reasons the judgment of the trial court is affirmed.